**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAKOTA PRICE,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| | § | |
| | § | |
| | § | **CA NO. 4:26-cv-358** |
| **V.** | § | |
| | § | |
| | § | |
| **COMPLETE VENTURES LLC** | § | |
| **AND NATHAN WEAVER,** | § | |
| **INDIVIDUALLY,** | § | |
| | § | |
| **DEFENDANTS.** | § | |

### <u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

Complete Ventures LLC and Nathan Weaver ("Defendants") misclassified Plaintiff Dakota Price as an independent contractor to avoid paying him overtime wages as required by the Fair Labor Standards Act ("FLSA"). Despite classifying Price as an independent contractor, Defendants exercised complete control over his schedule, the manner and method of his work, and every aspect of his employment relationship.  Defendants required Price to work well in excess of 40 hours per week without paying him overtime premiums, using the false independent contractor label as a pretext to deprive him of wages he was legally entitled to receive. Price brings this lawsuit to recover those unpaid overtime wages.

### <u>FACTS</u>

1.      Price worked for Defendants as an installation technician from August 23, 2025 until February 25, 2026. As an installation technician, Price's duties included, but were not limited to, installing cameras, security systems, speakers, access controls and door locks and running cables for Defendants' clients.

2.     Prior to his employment, Price signed an offer letter from Defendants stating that Price would become a full-time, W2 employee after an initial 30-day period. Despite this promise, Defendants continued to classify Price as an independent contractor for the entirety of his employment.

3.     During the time he worked for the Defendants, Price regularly worked more than 40 hours per week, often working 50 to 60 hours per week, although he was never paid overtime premiums for hours exceeding 40 per workweek.

4.      Defendants told Plaintiff that since he was paid a "salary," he was not owed overtime pay when he worked more than 40 hours per week.  However, Defendants also told Plaintiff that they could not pay him his full salary when he missed work due to illness or medical emergency.  In other words, Defendants classified Plaintiff as both a salaried and an hourly employee, depending upon which scenario benefitted them most.

5.     Defendants also required Price to perform personal tasks unrelated to his job description at Nathan Weaver's residence.  Such work included things like installing fans, televisions, and cameras, as well as general cleaning and organizational work.

6.     Defendants classified Price as an independent contractor even though they controlled his schedule.

7.     Defendants classified Price as an independent contractor even though Defendants determined when and where Price performed work for Defendants.

8.     Defendants classified Price as an independent contractor even though Price was required to attend company meetings.

9.     Defendants classified Price as an independent contractor even though Price reported directly to the owner, Nathan Weaver.

2

10. Defendants classified Price as an independent contractor even though he worked solely for Defendants during the term of his engagement.

11. Defendants did not pay Price overtime premiums for any of the overtime hours that he worked for the Defendants.

12. Defendants' misclassification of Price as an independent contractor and resulting underpayment of wages, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to competitors that pay their employees all compensation required by law.

13. Defendants were aware of the hours that Price was working and for which Price was not properly compensated.

14. Price brought up the issue of unpaid overtime to Defendants, but Defendants never meaningfully responded when he raised this issue.

15. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of misclassifying Price as an independent contractor and failing to pay him overtime compensation required by the FLSA.

## FLSA COVERAGE

16. Complete Ventures LLC is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

17. During each of the three years prior to this complaint being filed, Complete Ventures LLC was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

18.     During each of the three years prior to this Complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

19.     During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

20.     During each of the three years prior to this complaint being filed, Price and Defendants' other employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

### PARTIES

21.     Dakota Price is an individual residing in Texas.

22.     Defendant Complete Ventures LLC is a Texas limited liability company and an "employer" of Price as defined by the FLSA.

23.     Defendant Complete Ventures LLC may be served through its registered agent, United States Corporation Agents, Inc., 10601 Clarence Dr. Suite 250, Frisco, Texas 75033.

24.     Nathan Weaver is an individual who is the owner/manager of Complete Ventures LLC and may be served at 1020 Highway 377 N, Whitesboro, Texas 76273 or wherever else he may be found.

25.     Nathan Weaver was an employer of Dakota Price as defined by 29 U.S.C. §203(d).

26.     Nathan Weaver acted directly or indirectly in the interest of Complete Ventures LLC, in relation to Dakota Price's employment.

27.     Nathan Weaver exercised managerial responsibilities and substantial control over individuals who performed work for Complete Ventures LLC, including Dakota Price.

4

28.     Nathan Weaver exercised managerial responsibilities and substantial control over the terms and conditions of those performing work for Complete Ventures LLC, including the terms and conditions of Dakota Price's employment.

29.     Nathan Weaver had and exercised his authority to hire, fire and direct those performing work for Complete Ventures LLC, including Dakota Price.

30.     Nathan Weaver had and exercised his authority to supervise and control the employment relationships and work schedules of those performing work for Complete Ventures LLC, including Dakota Price.

31.     Nathan Weaver had and exercised his authority to set and determine the rate and method of pay of those performing work for Complete Ventures LLC, including Dakota Price.

32.     Nathan Weaver had and exercised authority to decide whether those performing work for Complete Ventures LLC, including Dakota Price, received overtime compensation and were paid according to their promised rates for all hours worked.

33.     Nathan Weaver also kept and maintained employment records for those individuals performing work for Complete Ventures LLC, including Dakota Price.

## JURISDICTION AND VENUE

34.     This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants are located in this district, Defendants and Price transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## CAUSE OF ACTION

### Violation of the FLSA — Failure to Pay Overtime Wages Owed

35.     Defendants violated the FLSA by misclassifying Price as an independent contractor and failing to pay him overtime premiums for all hours worked over 40 per workweek.

36.     Price has suffered damages as a direct result of Defendants' illegal actions.

37.     Defendants are liable to Price for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

38.     Defendants were fully aware of their obligations to pay overtime compensation to non-exempt employees such as Price yet continued to knowingly violate the FLSA's overtime requirements.

## PRAYER FOR RELIEF

Plaintiff Dakota Price demands judgment against Defendants, jointly and severally, and requests the following relief:

1.     Judgment against Defendants for an amount equal to Plaintiff's unpaid overtime wages at the applicable rate;

2.     An equal amount to the overtime wage damages as liquidated damages;

3.     Judgment against Defendants that their violations of the FLSA were willful;

4.     To the extent that liquidated damages are not awarded, an award of prejudgment interest;

5.     All costs and attorney's fees incurred prosecuting these claims;

6.     For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
505 E. Magrill St.
Longview, Texas 75601
Tel: (512) 799-2048

By: */s/ Douglas B. Welmaker*
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**

6