**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAKOTA PRICE,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 4:26-cv-00358-ALM** |
| | § | |
| **COMPLETE VENTURES LLC,** | § | |
| **AND NATHAN WEAVER,** | § | |
| **INDIVIDUALLY,** | § § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S FIRST AMENDED MOTION FOR ENTRY OF DEFAULT
AGAINST DEFENDANT COMPLETE VENTURES LLC**

Plaintiff Dakota Price asks the Court, under Federal Rule of Civil Procedure 55(a), to direct the Clerk to enter the default of Defendant Complete Ventures LLC. Complete Ventures was served with the summons and complaint on May 18, 2026, through its registered agent of record in Texas. Its answer was due on June 8, 2026. That deadline has passed, and Complete Ventures has not appeared, answered, moved, or otherwise responded. The time to respond has expired, the failure to defend is established by the record and by the accompanying declaration of counsel, and entry of default by the Clerk is required under Rule 55(a).

**I.      PROCEDURAL HISTORY**

Plaintiff filed his Original Complaint in this Court on April 10, 2026, alleging that Defendants misclassified him as an independent contractor and failed to pay him overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. ECF No. 1. On May 12, 2026, the Clerk issued summons as to Defendant Complete Ventures LLC. ECF No. 3.

On May 18, 2026, Plaintiff served Defendant Complete Ventures LLC by mailing the summons and complaint by U.S. certified mail, return receipt requested, to its registered agent of record in Texas, United States Corporation Agents, Inc., at 10601 Clarence Dr., Suite 250, Frisco, Texas 75033. Service was executed by Tod E. Pendergrass, a process server certified by the Texas Judicial Branch Certification Commission (Certification No. PSC1660). The certified-mail return receipt was signed by an agent of the registered agent and delivery was confirmed at 4:28 p.m. on May 18, 2026 (USPS Tracking No. 9589 0710 5270 0393 4419 20). See Aff. of Service, ECF No. 5. Service was made in compliance with Federal Rule of Civil Procedure 4(h)(1)(A), which incorporates the methods of service permitted by Rule 4(e)(1) and by the law of the state in which the district court is located, including Texas Rule of Civil Procedure 106(a)(2) (certified mail, return receipt requested).

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Complete Ventures was required to serve a responsive pleading within 21 days after service of the summons and complaint — that is, no later than June 8, 2026. To date, Complete Ventures has not filed an answer, a motion, or any other response to the Complaint. No attorney has entered an appearance on its behalf. The answer deadline has passed.

## II.      ENTRY OF DEFAULT IS REQUIRED UNDER RULE 55(a)

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(a) is mandatory: where the prerequisites are satisfied, the Clerk's entry of default is non-discretionary.

All Rule 55(a) prerequisites are satisfied here. Complete Ventures was properly served on May 18, 2026; its responsive pleading was due on June 8, 2026; that deadline has expired; and

Complete Ventures has neither pleaded nor otherwise defended. The failure to defend is established by the record of this case and by the accompanying Declaration of Douglas B. Welmaker, which incorporates by reference the previously filed affidavit of service.

Entry of default is the necessary predicate to Plaintiff's subsequent motion for default judgment under Rule 55(b)(2), which Plaintiff will file separately after the Clerk's entry of default is docketed.

### III. PRAYER

Plaintiff Dakota Price respectfully requests that the Clerk enter the default of Defendant Complete Ventures LLC under Federal Rule of Civil Procedure 55(a).

Respectfully Submitted,

WELMAKER LAW, PLLC
505 E. Magrill St.
Longview, Texas 75601
Tel: (512) 799-2048

By: */s/ Douglas B. Welmaker*
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**

**<u>CERTIFICATE OF CONFERENCE</u>**

Pursuant to Local Rule CV-7(i), no conference was held on this motion because Defendant Complete Ventures LLC has failed to appear, has not filed an answer or any responsive pleading, and is in default. No attorney has entered an appearance on its behalf. There is no opposing counsel with whom counsel for Plaintiff could confer.

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2026, I filed this using the court's ECF system, and that I also caused the foregoing to be served on Defendant Complete Ventures LLC by U.S. certified mail, return receipt requested, addressed to its registered agent for service of process, United States Corporation Agents, Inc., 10601 Clarence Dr., Suite 250, Frisco, Texas 75033. No counsel has appeared for Defendant.

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker

4