**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAKOTA C. PRICE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:26-cv-00358-ALM** |
| | § | |
| **COMPLETE VENTURES LLC AND NATHAN WEAVER, INDIVIDUALLY** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S MOTION TO VACATE NOTICE OF VOLUNTARY DISMISSAL AND REINSTATE THE ACTION**

Plaintiff Dakota C. Price moves under Federal Rule of Civil Procedure 60(b)(6) to vacate his Notice of Dismissal Without Prejudice (Doc. 10), to reinstate this action against both Defendants, and to confirm that the Clerk's Entry of Default against Complete Ventures LLC (Doc. 9) remains in effect. Plaintiff filed his notice of dismissal five days ago, within hours of threats directed at him and at his fiancee, Adrian Coppin. He has now reconsidered, and he asks the Court to return the case to its condition on the morning of September 3, 2026.

## I. BACKGROUND

Plaintiff filed this action on April 10, 2026. He alleges that Complete Ventures LLC and Nathan Weaver classified him as an independent contractor and failed to pay him overtime under the Fair Labor Standards Act, 29 U.S.C. § 207. (Doc. 1.) Plaintiff served Complete Ventures LLC on May 18, 2026. (Doc. 5.) Complete Ventures LLC did not answer or otherwise appear, and the Clerk entered its default on July 16, 2026. (Doc. 9.) Plaintiff attempted to serve Nathan Weaver on September 2, 2026 (on that date, Plaintiff's process server spoke to Mr. Weaver's wife, Frankie, who told the process server that Nathan was not home).

On the morning of September 3, 2026, Plaintiff's fiancée, Adrian Coppin, received text messages from her mother, Patty Coppin, demanding that Plaintiff dismiss this lawsuit. Ms. Coppin is the niece of Defendant Nathan Weaver. Ms. Coppin told Plaintiff that the messages warned that conditions would get worse for the two of them if the case continued, said that her mother would involve the police, and threatened to take the vehicle that Ms. Coppin and Plaintiff had acquired with her mother's help. The same morning, Plaintiff saw an unmarked vehicle parked next to his car outside the couple's apartment in Allen, Texas. An armed man was in the vehicle. He got out, looked at Plaintiff's car, and got back in. (Declaration of Dakota C. Price, Exhibit A, ¶¶ 3–4.)

Plaintiff and Ms. Coppin telephoned the undersigned that day and reported these events. Both were frightened. Plaintiff decided that day to dismiss the case, and the undersigned filed the Notice of Dismissal Without Prejudice under Rule 41(a)(1)(A)(i) later that day, together with a proposed order. (Docs. 10, 10-1.) Neither Defendant had served an answer or a motion for summary judgment, and neither had appeared. (Ex. A ¶ 5.)

Plaintiff did not dismiss this case because he doubted his claim or wished to abandon it. He dismissed it because he and his fiancé were afraid of what Ms. Coppin's mother might do to them. Within days he reconsidered, and he has instructed the undersigned that he wants to proceed. His decision is firm. (Ex. A ¶¶ 5, 7–8.)

## II. ARGUMENT

### A. The Court has jurisdiction to vacate a Rule 41(a)(1)(A)(i) notice under Rule 60(b).

A notice of dismissal under Rule 41(a)(1)(A)(i) takes effect when the plaintiff files it, without an order of the Court, and in the normal course the filing itself divests the Court of jurisdiction over the case. *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010). Rule

60(b) is the exception. The Fifth Circuit has held that a Rule 41(a)(1)(A)(i) voluntary dismissal without prejudice is a "final proceeding" within the meaning of Rule 60(b), so the district court retains jurisdiction to vacate it on motion. *Yesh Music v. Lakewood Church*, 727 F.3d 356 (5th Cir. 2013). In *Yesh Music*, the plaintiff filed a Rule 41(a)(1)(A)(i) notice, later moved under Rule 60(b)(6) to vacate the notice and reinstate the case, and the district court granted the motion. The Fifth Circuit rejected the argument that the district court lacked jurisdiction, reviewed the grant of relief for abuse of discretion, and affirmed. *Id.*

**B. The circumstances justify relief under Rule 60(b)(6).**

Rule 60(b)(6) permits relief from a final proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Fifth Circuit describes the rule as a grand reservoir of equitable power to do justice in a particular case, available when extraordinary circumstances are present and when denying relief would work a manifest injustice. *Yesh Music*, 727 F.3d 356 (cleaned up). The rule does not relieve a party from free, calculated, and deliberate choices he has made. *Id.* (cleaned up). Rule 60(b) as a whole is liberally construed to do substantial justice, and where a dismissal involved no consideration of the merits, the interest in deciding the case on the merits weighs in favor of relief. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401–02 (5th Cir. 1981).

Plaintiff's dismissal was not a free, calculated, and deliberate litigation choice of the kind Rule 60(b)(6) leaves undisturbed. He made it the same morning that a relative of Defendant Weaver threatened him and his fiancée, and while an armed stranger was parked beside his car. He made it out of fear, and he reversed it within days. Plaintiff does not contend that either Defendant directed the threats. He has no evidence on that question, and the motion does not depend on it. The dismissal did not reflect his judgment about the merits of his claim.

*Yesh Music* is instructive. There, the district court found that the plaintiff's dismissal was "voluntary, affirmative, and tactical," and the Fifth Circuit still affirmed relief under Rule 60(b)(6) because the equities required it. *Yesh Music*, 727 F.3d 356. Plaintiff's dismissal was neither tactical nor considered.

Denying relief would also impose costs out of proportion to any interest the Rules protect. The dismissal was without prejudice, so Plaintiff may file the same claim again at any time. Refiling would require a second filing fee of $405.00, a second round of service on both Defendants, and a second default proceeding against Complete Ventures LLC, all to return the case to the position it occupied on the morning of September 3, 2026. Vacating the notice disturbs no merits ruling, no answer, and no appearance, because none exists. Rule 60(b)(6) allows the Court to restore a case to its condition before a filing made under pressure, and that is the relief Plaintiff requests.

**C. The motion is timely, and no party is prejudiced.**

A motion under Rule 60(b)(6) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). Plaintiff filed this motion five days after the notice. No Defendant has appeared, so no Defendant has incurred expense in reliance on the dismissal, and Plaintiff is aware of no action either Defendant has taken in reliance on it. Complete Ventures LLC was in default before the dismissal and will be in default after reinstatement. Nathan Weaver has not been served and has never participated in the case.

**D. The Court should confirm the Clerk's default and extend the time to serve Nathan Weaver.**

Vacating the notice returns the docket to its condition on September 3, 2026, which includes the Clerk's Entry of Default against Complete Ventures LLC. (Doc. 9.) To remove any doubt, Plaintiff asks the Court to state in its order that the entry of default remains in effect.

Plaintiff also asks the Court to extend the time to serve Nathan Weaver. The 90-day period under Rule 4(m) ran on July 9, 2026. Certified mail to Mr. Weaver's last known address was returned undeliverable on June 9, 2026, and Plaintiff retained a process server to locate him and serve him personally at a second address. Rule 4(m) requires the Court to extend the time for service when the plaintiff shows good cause and permits an extension in the Court's discretion without that showing. Fed. R. Civ. P. 4(m). Plaintiff asks for 60 days from the date of the Court's order.

## III. CONCLUSION

Plaintiff asks the Court to vacate the Notice of Dismissal Without Prejudice (Doc. 10); to decline to enter the proposed order submitted with it (Doc. 10-1), or to vacate that order if it has been entered; to reinstate this action against Complete Ventures LLC and Nathan Weaver; to confirm that the Clerk's Entry of Default against Complete Ventures LLC (Doc. 9) remains in effect; and to extend Plaintiff's time to serve Nathan Weaver to 60 days from the date of the Court's order.

Respectfully Submitted,

WELMAKER LAW, PLLC
505 E. Magrill
Longview, Texas 75601
Tel: (512) 799-2048

By: /s/ Douglas B. Welmaker
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com
Attorney-in-Charge

**ATTORNEY FOR PLAINTIFF**
**DAKOTA C. PRICE**

**CERTIFICATE OF SERVICE**

On September 8, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system. No Defendant has appeared in this action, and no counsel of record exists for either Defendant.

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker

**CERTIFICATE OF CONFERENCE**

Local Rule CV-7(h) requires a personal conference with counsel for the non-movant before an opposed motion is filed. A conference was not possible, because neither Defendant has appeared or retained counsel; Complete Ventures LLC is in default, and Nathan Weaver has not been served. Plaintiff submits this motion as unopposed, because no party has appeared to oppose it.

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker