**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAKOTA C. PRICE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:26-cv-00358-ALM** |
| | § | |
| **COMPLETE VENTURES LLC AND NATHAN WEAVER, INDIVIDUALLY** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**DECLARATION OF DAKOTA C. PRICE**

I, Dakota C. Price, declare under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct and is based on my personal knowledge:

1. I am the Plaintiff in this case. I am over eighteen years of age and competent to make this declaration.

2. I live in Allen, Texas, with my fiancée, Adrian Coppin. Defendant Nathan Weaver is Adrian's uncle. Adrian's mother is Paddy Coppin.

3. On the morning of September 3, 2026, Adrian's mother, Paddy Coppin, sent text messages from her telephone number to Adrian and to a group message addressed to both Adrian and me. I received the group messages on my own telephone, and Adrian showed me the messages sent to her. I sent screenshots of all of them to my attorney at 1:29 p.m. that day. The first message, at 7:59 a.m., said that she had "just found out about the lawsuit you and Dakota filed against Nathan and Frankie yesterday," that she wanted Adrian to "drop the lawsuit and apologize to them," that "they are family," and that if we did not drop the lawsuit "immediately" she would "no longer have a relationship" with us and did not want "to ever

speak to you or Dakota again." She also wrote, "Call Frankie about it." A message to both of us at 8:09 a.m. said, "Dakota, you are just as guilty allowing this to happen," and told Adrian, "I will completely disown you if you go through with this." A message at 8:39 a.m. said, "You guys are gonna be in so much trouble if you've lied," and told Adrian to call the Weavers, "apologize," and "do whatever you have to do to fix it." A message at 8:41 a.m. told Adrian to bring back the car that Paddy Coppin had helped us get and to sign the title over to her. At 9:12 a.m. she wrote, "Google it!!" and sent two screenshots of internet search results describing this case, its filing date, the service on Complete Ventures LLC, and the request for entry of default.

4. I understood the statement that we would be "in so much trouble if you've lied" as a threat to involve the police, because Paddy Coppin had previously called the police on Adrian on a report that was later dropped. That same morning, I saw an unmarked vehicle parked next to our car outside our apartment. A man wearing a black polo shirt and khaki pants, with a gun in a holster on his belt, was in the vehicle, and the vehicle had a computer mounted inside it. I watched him get out, look at our car, and get back in. I believed he was a police officer, and I believed he was there because of the messages. No one has contacted me about why he was there.

5. At 9:52 a.m. that morning I sent my attorney a text message asking him to call me and telling him that Adrian's mother was threatening us to stop the lawsuit. Adrian and I then spoke with him by telephone and told him what had happened. I was afraid for Adrian and for myself. I decided that day to dismiss the case, and I told my attorney to dismiss it. I made that decision because I was frightened. I did not make it because I doubted my claim or wanted to give it up.

6. Before September 3, 2026, neither Adrian nor I had spoken with Paddy Coppin, Nathan Weaver, or Frankie Weaver about this lawsuit, and neither of us had posted anything about it publicly. Paddy Coppin's messages said that she learned of the lawsuit on September 2, 2026. I do not know who told her about it, and I do not know whether anyone asked her to send the messages.
7. Since September 3, 2026, I have thought about my decision and discussed it with my attorney. On September 5, 2026, I told my attorney by text message that I wanted him to withdraw the dismissal, and I have since confirmed that decision to him. I want to go forward with this case. My decision is firm.
8. I understand that if the Court reinstates the case, it will continue against both Defendants, and I am prepared to proceed. I also understand that a second voluntary dismissal of these claims would operate as a dismissal with prejudice.

Executed on September 8, 2026, in Allen, Texas.

Dakota Price (Sep 8, 2026 12:27:23 CDT)

Dakota C. Price